**U.S. Department of Justice**
United States Attorney
Northern District of Texas

*1100 Commerce St. 3rd Floor*
*Dallas, Texas 75242*
*Telephone (214) 659-8600*
*Fax (214) 659-8802*

July 2, 2026

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: Rule 28(j) Letter
*United States v. Brownlee*, No. 25-10855

Mr. Cayce:

The Supreme Court's recent decision in *United States v. Chatrie*, No. 25-112, relied in part on *Carpenter v. United States*, 585 U.S. 296 (2018), to hold that law enforcement conducted a search when they gained access to a suspect's cell phone Location History. *Chatrie* addressed similar facts as *Carpenter*, with a few twists. Instead of addressing cell-site location information (CSLI), it addressed the more precise "Location History." 2026 WL 1855568, at *11. And instead of seven days of CSLI data, the Court addressed the government's access of two hours of Location History. *See id.* at *12. Still, *Chatrie* found various "resemblances" between CSLI and Location History relative to personal privacy: namely, both provide "'near perfect surveillance' of an individual holding a cell phone." *Id.* at *11. "What creates th[e] concern" regarding "a too permeating police surveillance . . . is that the government can access all of a cell-phone user's movements, in both public and private." *Id.* at *13.

Such circumstances are not present here. Indeed, *Chatrie* emphasized that "the movements that Location History reveals are not limited to public streets," while reaffirming that "[a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy . . . because the car is always in plain view." *Id.* at *14. And *Chatrie* indicated that its reasoning and conclusion would not apply to "public-movements-only technology" or

technology that creates "a less comprehensive log than in *Carpenter*." *Id.* at *14 n.10.

The ALPR cameras at issue here reach only certain public movements on public thoroughfares *and* create a far less detailed log. *See United States v. Porter*, 170 F.4th 381, 386 (5th Cir. 2026). Plus, they do not collect, or allow government access to, information that a driver "reasonably views as his own." *Chatrie*, 2026 WL 1855568, at *12. While "[a] cell-phone user is not to be viewed as sharing private information . . . which then can be freely passed on to the government," *id.* at *16, a driver on public roads *is* viewed as sharing *public* information which can be freely accessed by the government.

Respectfully submitted,

Ryan Raybould
United States Attorney

*/s/ Lauren C. Murphree*
Lauren C. Murphree
Assistant United States Attorney

cc: Matthew Wright (*via* ECF)