# FEDERAL PUBLIC DEFENDER

FOR THE NORTHERN DISTRICT OF TEXAS

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

500 SOUTH TAYLOR STREET
SUITE 110
AMARILLO, TEXAS 79101

J. MATTHEW WRIGHT
ASSISTANT FEDERAL PUBLIC DEFENDER
matthew_wright@fd.org

PHONE 806-324-2370

**Via ECF**

October 9, 2026

Thomas B. Plunkett, III
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

**Re: Response to Government's Citation of Supplemental Authorities in *United States v. Brownlee,* Case No. 25-10855**

Dear Mr. Plunkett:

First: Footnote 6 in *United States v. Onyewu*, 188 F.4th 471, 485 (D.C. Cir. 2026), was dictum. The D.C. Circuit neither considered nor addressed the arguments and authorities Mr. Brownlee raises here.

Attempt and completed robbery appear in a single statute, and they trigger the same statutory punishment range. 18 U.S.C. § 1951(a). An indictment for completed robbery allows conviction under either theory. Fed. R. Crim. P. 31(c)(2). Prosecutors "may not obtain convictions for both the completed offense and the attempt as separate crimes if the attempt has in fact been completed." *York*, 578 F.2d at 1040. And, most importantly, a defendant is not entitled to a unanimous verdict about which theory was proven. A jury could convict even "if there were a reasonable doubt concerning whether or not a crime had been completed." *Id.* at 1039.

In other words, any distinction between attempted and completed Hobbs Act robbery "does not matter under the law." *Mathis v. United States*, 579 U.S. 500, 516 (2016). The two alternatives are legally equivalent methods of proving a single offense under 18 U.S.C. § 1951(a), and a defendant is not entitled to a unanimous finding, beyond a reasonable doubt, about which was proven. Under a straightforward application of this Court's precedential decision in *York* and the Supreme Court's categorical approach, the two theories define one indivisible crime.

Second: I was wrong when I asserted at argument that ALPR "hits" were the only connection between the Hyundai Santa Fe and the Indigo Lane address where police encountered Mr. Brownlee's cousin. *See* ROA.275-276, ROA.145-146, ROA.1142-1143. At trial, a detective testified

about "Vigilant hits" at that address. ROA.1142. But Mr. Brownlee's sister, the registered owner of the Santa Fe, also listed that address on her Texas ID card. ROA.145. I had forgotten (or mis-remembered) that fact until Mr. Weisbuch mentioned it.

Before the argument, I searched the electronic record for the word "Indigo," but didn't find that passage, which was scanned without OCR. I should have reviewed more carefully. I apologize for my error.

Respectfully submitted,

/s/ J. Matthew Wright

**Certificate of Service**

I filed this letter via ECF. Opposing counsel are registered filers, and are deemed served.

/s/ J. Matthew Wright

**Certificate of Compliance**

I prepared this letter using Microsoft Word, using Goudy Old Style font. The body of the letter is 337 words.

/s/ J. Matthew Wright